[Crim. No. 1771. First Appellate District, Division One.—December 14, 1933.]

In the Matter of the Application of DAVID H. ROSENTHAL for a Writ of Habeas Corpus.

Bohnett, Hill & Cottrell for Petitioner.

A. S. Newburgh, as *Amicus Curiae* on Behalf of Petitioner.

Earl Warren, District Attorney, and R. Robert Hunter and T. A. Westphal, Deputies District Attorney, for Respondent.

Decoto and St. Sure, as *Amici Curiae* on Behalf of Respondent.

THE COURT.—*Habeas corpus*. Petitioner is accused of a violation of the State Recovery Act of the State of California, approved August 4, 1933 (chap. 1037, Laws of 1933), and the provisions of the acts amendatory and supplemental thereto, and the provisions of the temporary code of fair competition for the cleaning and dyeing industry of the state of California.

It is claimed that the facts recited in the complaint do not constitute a violation of the provisions above referred to, nor do they constitute a violation of the provisions of the temporary code of fair competition for the cleaning and dyeing industry. The alleged criminal violation of the temporary code consists of charging seventy-five cents for cleaning a man's three-piece suit when the price for that work had been fixed at one dollar by a vote of the trade associations of Alameda County.

The statute in question contemplates that the commissioner of corporations shall approve all the provisions of the code, which approval is to be concurred in by the director of the department of industrial relations. There was no schedule of prices included in the code approved by the commissioner or director. There was, therefore, no violation of any of the provisions involved. Since the arrest of petitioner a code of fair competition which fixes the schedule has been approved under the act of Congress. From what we have said it follows that petitioner should be and he is discharged from custody and his bail exonerated.